09-3209-ag
Chen v. Holder

BIA
Bukszpan, IJ
A078 853 858

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

QI HAI CHEN, AKA JAMES CHAN,
> *Petitioner*,

v.                                    09-3209-ag
                                      NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Carl H. McIntyre, Jr., Assistant Director, Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qi Hai Chen, a native and citizen of the People's Republic of China, seeks review of a June 29, 2009, order of the BIA, affirming the September 11, 2007, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Hai Chen*, No. A078 853 858 (B.I.A. June 29, 2009), *aff'g* No. A078 853 858 (Immig. Ct. N.Y. City Sep. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In challenging the agency's denial of his asylum and withholding of removal claims, Chen argues that he demonstrated the requisite nexus to a protected ground by showing his political opposition to police corruption. However, Chen made no such argument on appeal to the BIA, arguing only that he established a nexus based on the economic persecution he suffered at the hands of local thugs. Because the Government has raised this failure to

2

exhaust in its brief, we decline to consider Chen's unexhausted arguments. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir. 2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver"). Chen's failure to exhaust his nexus claim is dispositive of his challenge to the agency's denial of his applications for asylum and withholding of removal because he has abandoned any claim based on his fear of thugs. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).

With respect to Chen's CAT claim, we find no error in the BIA's finding that Chen "has not demonstrated that it is more likely than not that he will be tortured if removed to China." We review such agency findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). Chen argues that he will be tortured for leaving China illegally. However, Chen does not challenge the IJ's finding, which in any event was not clearly erroneous, that he had not established that he left China illegally. In any event, it is well established that evidence that some individuals who left China illegally are

imprisoned, and that torture occurs in Chinese prisons, is insufficient to establish that it is more likely than not that a particular illegal emigrant will be tortured if returned to China. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Thus, the BIA did not err in finding Chen's proffered evidence that some individuals from his hometown were tortured after returning to China insufficient to meet his burden under the CAT.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4